IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN CLAYTON THOMASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-256-ECM-SMD |
| | ) | |
| OCWEN LOAN SERVICING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

## I. INTRODUCTION

Before the Court are Defendants' Motions to Dismiss (Docs. 1-10, 1-11, 1-12), Plaintiff's Motion in Opposition to Dismiss (Doc. 1-7), Plaintiff's Motion to Amend and Motion for a Temporary Restraining Order (Doc. 1-9), and Plaintiff's Motion to Remand (Doc. 4). For the reasons stated more fully below, the undersigned Recommends that Plaintiff's Motions be denied and Defendants' Motions be granted.

## II. BACKGROUND[2]

On November 28, 2005, Plaintiff's wife, Ms. Thomason, obtained two mortgages from Defendant EvaBank in order to finance the purchase of a homestead. *Thomason II*, (Doc. 1-10) at 4. Shortly after closing on the mortgage, EvaBank sold the mortgage to

---

[1] The United States District Judge assigned to this case referred the case to the undersigned United States Magistrate judge for "all pretrial proceedings and entry of any orders or recommendation as may be appropriate." (Doc. 3).

Defendant IndyMac Bank, F.S.B. ("IndyMac").[3]  *Thomason II*, (Doc. 1-1) at 3-4; (Doc. 1-11) at 2.  The mortgages subsequently fell into default.  *Thomason I*, (Doc. 183) at 4.  Ms. Thomason passed away in October 2009.  *Thomason II*, (Doc. 1-1) at 4.  Plaintiff continued making payments on the mortgages for a year after Ms. Thomason's death but eventually ceased, with the last payment being made on November 4, 2010.  *Thomason I*, (Doc. 183) at 4-5.  In March 2011, Plaintiff sought bankruptcy protection to avoid foreclosure.  *Thomason II*, (Doc. 1-1) at 4; (Doc. 1-10) at 4.  Plaintiff's bankruptcy case was dismissed in November 2011.  *Thomason II*, (Doc. 1-1) at 6.  On March 26, 2012, Plaintiff filed another bankruptcy petition, but it was dismissed the following month.  *Thomason II*, (Doc. 1-1) at 7.

On July 11, 2012, Plaintiff filed a Complaint with this Court alleging various claims arising from Defendant OWB's handling of his "application for a loan modification."  *Thomason I*, (Doc. 1); *Thomason II* (Doc. 1-11) at 2.  OWB filed a Motion to Dismiss the Complaint.  *Thomason I,* (Doc. 6).  Thereafter, Plaintiff filed a Motion to Amend the Complaint to add additional claims and parties.  *Thomason I*, (Doc. 17).  The Court granted OWB's motion, dismissed Plaintiff's Complaint with prejudice and denied Plaintiff's Motion to Amend.  *Thomason I*, (Docs. 30, 31).  Plaintiff

---

[2] The facts in this case are derived from filings both in this case (hereinafter "*Thomason II*") and an identical previous case, Thomason v. One West Bank, FSB, 2:12-CV-604-MHT-WC (hereinafter "*Thomason I*").

[3] At the time Plaintiff filed his Complaint, IndyMac Bank was a division of OneWest Bank, FSB ("OWB").  *Thomason I*, (Doc. 205) at 1.  On July 11, 2008 IndyMac was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver.  *Thomason I*, (Doc. 197-34); *Thomason II*, (Doc. 1) at 1.

appealed the dismissal to the Eleventh Circuit. *Thomason I*, (Doc. 32). On November 1, 2013, servicing of Plaintiff's mortgages transferred to Defendant Ocwen Loan Servicing, LLC ("Ocwen"). *Thomason I*, (Doc. 183) at 5. The Eleventh Circuit remanded the case, directing this Court to allow Plaintiff to amend his Complaint. *Thomason I*, (Doc. 42.) Plaintiff subsequently amended his Complaint, adding Ocwen, Deutsche Bank, and EvaBank as parties and adding various causes of action. *Thomason I*, (Doc. 49). In October 2017, Defendants filed Motions for Summary Judgment. *Thomason I*, (Docs. 175, 182). In March 2018, this Court granted summary judgment to Defendants and dismissed Plaintiff's previous case. *Thomason I*, (Doc. 214); *Thomason II*, (Doc. 1-11) at 3.

On April 25, 2018, Plaintiff appealed the Court's final judgment to the Eleventh Circuit. *Thomason I*, (Docs. 220, 224); *Thomason II*, (Doc. 1-11) at 3. On July 31, 2018, Plaintiff filed a Complaint in state court, alleging various claims against the same defendants arising out of the same events as the case under appeal in federal court. *Thomason II*, (Doc. 1-1). On November 15, 2018, the Eleventh Circuit dismissed Plaintiff's appeal for want of prosecution because Plaintiff failed to pay the required filing and docketing fees. *Thomason I*, (Doc. 234). On December 24, 2018, Plaintiff filed a Petition for Writ of Certiorari to the United States Supreme Court. *Thomason II*, (Doc. 1-11) at 3. In March 2019, Defendants filed separate Motions to Dismiss in Plaintiff's state court action arguing, *inter alia*, that Plaintiff's claims are barred by the

3

doctrine of res judicata because there is already a prior, final judgment on the identical matter in this Court. *Thomason II*, (Docs. 1-10, 1-11).

On April 8, 2019, the FDIC, in its capacity as Receiver for IndyMac, removed Plaintiff's state court action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441(b). *Thomason II*, (Doc. 1). On April 24, 2019, The United States Supreme Court denied Plaintiff's Petition for Writ of Certiorari in his federal court case. *Thomason I*, (Doc. 242); *Thomason II*, (Doc. 11). On May 1, 2019, Plaintiff filed a Motion to Remand, arguing the FDIC is a "nominal defendant" and, therefore, not authorized under § 1819 to remove the case to federal court. *Thomason II*, (Doc. 4). The United States District Judge assigned to this case referred the case to the undersigned United States Magistrate judge for "all pretrial proceedings and entry of any orders or recommendation as may be appropriate." *Thomason II*, (Doc. 3).

### III. DISCUSSION

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .'" *Montana v. United States*, 440 U.S. 147, 153 (1979) (quoting *S. Pac. R. Co. v. United States*, 168 U.S. 1, 48-49 (1897)). "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Id.* (citing *Lawlor v. Nat'l*

4

*Screen Svs. Corp.*, 349 U.S. 322, 326 (1955); *Cromwell v. Cty. of Sac*, 94 U.S. 351, 352 (1877)).[4] "The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting *Montana,* 440 U.S. at 153-54). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Id.* (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)).

> Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

*Id.* (citing *Citibank*, 904 F.2d at 1501).

Here, based on a review of the record, the undersigned concludes that all four requirements are unquestionably met. First, the district court issued a final judgment in

---

[4] "'Res judicata comes in two forms: claim preclusion . . . and issue preclusion. . . .'" *Stardust, 3007 LLC v. City of Brookhaven*, 899 F.3d 1164, 1170 (11th Cir. 2018) (quoting *Comm. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). "Claim preclusion 'forecloses successive litigation of the very same claim, whether or not re-litigation of the claim raises the same issues as the earlier suit.'" *Seminole Tribe of Fla. v. Biegalski*, 757 F. App'x 851, 856 (11th Cir. 2018) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quotation marks omitted). "Issue preclusion, in contrast, 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Id.* (quoting *Taylor*, 553 U.S. at 892) (quotation marks omitted). "Because the distinction between claim preclusion and issue preclusion makes no difference [in this matter], [the undersigned] refer[s] to both or either simply as 'res judicata.'" *Stardust*, 899 F.3d at 1170.

5

the prior litigation on March 26, 2018. *See Thomason I*, (Doc. 214); *see also Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981)[5] (noting that the granting of summary judgment is a disposition on the merits of the case). That final judgment was left standing by the Eleventh Circuit (Doc. 234) and the United States Supreme Court (Doc. 242). Hence, the undersigned finds that there is a final judgment on the merits in the prior litigation.

Second, the undersigned finds the Court had proper jurisdiction to render that final judgment. A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law if a federal question appears on the face of the plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-10 (1983)). Here, Plaintiff asserted claims arising under various federal statutes, to include 15 U.S.C. § 1691(a), 42 U.S.C. § 1981, and 12 U.S.C. § 2601. *See* (Doc. 89) at 22-26. Hence, this Court had subject-matter jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. § 1331.

Third, the undersigned concludes that the parties in both cases are identical. The only difference is that the FDIC stepped into the shoes of IndyMac as a Receiver. FDIC

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of

is in privity with IndyMac because, by law, it succeeded to "all of the rights, title, powers, and privileges" of IndyMac to include all of the assets, including all loans, of the institution. *See* 12 U.S.C. §1821(d)(2)(A)-(B).

Fourth, the undersigned finds that the causes of action in both cases are the same. "In the Eleventh Circuit, '[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form.'" *Ragsdale*, 193 F.3d at 1239 (quoting *Citibank*, 904 F.2d at 1503 (citations omitted)). "'If a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same "claim" or "cause of action" for purposes of res judicata.'" *Id.* (quoting *Citibank*, 904 F.2d at 1503).

Here, it is undisputed that both cases arise out of the same nucleus of operative fact; namely, the circumstances surrounding Plaintiff's acquisition of two mortgages though EvaBank and Plaintiff's subsequent default on those mortgages. In both cases, Plaintiff's claims arise from the same alleged misconduct of Defendants—i.e. the "mishandling" of his loan modification application. *See Thomason I*, (Doc. 1); *Thomason II*, (Doc. 1-1). In short, because Plaintiff had a "full and fair opportunity to litigate" his claims in the previous case, the final judgment on the merits in that case precludes Plaintiff from "'relitigating issues that were or could have been raised in that

---

business on September 30, 1981.

7

action.'" *Seminole Tribe of Fla. v. Biegalski*, 757 F. App'x 851, 861 (11th Cir. 2018) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).  Hence, the undersigned concludes that Plaintiff's claims in this case are barred by res judicata and are due to be dismissed.[6]

### IV.  CONCLUSION

For the reasons set forth more fully above, it is the RECOMMENDATION of the undersigned that Plaintiff's Motion in Opposition to Dismiss (Doc. 1-7), Plaintiff's Motion to Amend and Motion for a Temporary Restraining Order (Doc. 1-9), and Plaintiff's Motion to Remand (Doc. 4) be DENIED and that Defendants' Motions to Dismiss (Docs. 1-10, 1-11, 1-12) be GRANTED and this case be dismissed.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 22, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo

---

[6] This case would also be subject to dismissal due to res judicata were this Court to remand the case back to state court as Plaintiff requests.  *See Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636-37 (Ala. 1998) ("[R]es judicata . . . involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate the same cause of action against the same defendant, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence.  Alabama law is well settled that this will not be allowed.  A valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment; if the defendant won, the plaintiff is barred from relitigating any matter which could have been litigated in the prior action.") (quoting *Whisman v. Ala. Power Co.*, 512 So. 2d 78, 81 (Ala. 1987).

determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 8th day of July, 2019.

/s/ Stephen M. Doyle  
UNITED STATES MAGISTRATE JUDGE
