IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN CLAYTON THOMASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:19-cv-256-ECM |
| | ) | (WO) |
| OCWEN LOAN SERVICING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Recommendation of the Magistrate Judge (doc. 14) which recommends that the Defendants' motions to dismiss (docs. 1-10, 1-11, & 1-12) be granted and that this case be dismissed because the Plaintiff's claims are barred by *res judicata*. The Plaintiff did not file any objections[1] to the Recommendation, but instead, chose to file a motion to amend the complaint on July 24, 2019 (doc. 15). The Defendants object to the proposed amended complaint and filed a motion to strike.[2] (Doc. 16).

The Court turns first to the Plaintiff's Motion to Amend the Complaint (doc. 15). While leave to amend should be "freely given when justice so requires," the Court can deny amendments when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile. *See* FED.R.CIV.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See*

---

[1] Objections to the Recommendation were due on or before July 22, 2019. (Doc. 14 at 8).
[2] Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Certificates Trust Series INABS 2006-A, and Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2006-A filed a joinder to Defendant FDIC's motion to strike. (Doc. 18).

1

*also Jameson v. Arrow Co.,* 75 F.3d 1528, 1534 (11th Cir. 1996). Pursuant to FED.R.CIV.P. 15(a)(2), a "court should freely give leave to amend when justice so requires." "A district court need not, however, allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 1001) (citing *Foman*, 371 U.S. at 182). The Plaintiff's motion to amend the complaint simply restates the claims presented in the original complaint, removes the FDIC as a defendant presumably in an effort to destroy the Court's jurisdiction, and adds a party, PHH Mortgage.[3] The Recommendation effectively addresses all of the Plaintiff's claims and concludes that the Plaintiff's claims are barred by *res judiciata*. The Plaintiff's proposed amended complaint cannot defeat the *res judicata* bar that prohibits continued litigation of his claims. Consequently, the Court concludes that the Plaintiff's motion to amend is futile, and is therefore due to be denied.[4]

As previously noted, the Plaintiff filed no objections to the Recommendation of the Magistrate Judge.[5] After an independent review of the file and upon consideration of the Recommendation, and for good cause, it is

ORDERED as follows that:

1. the Plaintiff's motion to amend (doc. 15) is DENIED;

2. the Defendants' motion to strike (doc. 16) is DENIED as moot;

---

[3] The Plaintiff identifies PHH Mortgage as "the current Mortgage servicer . . ." (Doc. 15-1, p. 3, ¶ 6). Addition of a loan servicer in privity with prior loan servicer and party, Ocwen, would not alter the Court's *res judicata* determination.

[4] The Defendants' motion to strike (doc. 16) is due to be denied as moot.

[5] Even if the Court construed the Plaintiff's motion to amend as objections, the motion was not filed within the time allotted to file objections, and in no way addresses the factual findings or legal conclusions of the Magistrate Judge.

2

3. the Recommendation of the Magistrate Judge (doc. 14) is ADOPTED;

4. the Plaintiff's Motion in Opposition to Dismiss (doc. 1-7), the Plaintiff's Motion to Amend and Motion for a Temporary Restraining Order (doc. 1-9) and the Plaintiff's Motion to Remand (doc. 4) are DENIED;

5. the Defendants' motions to dismiss (docs. 1-10, 1-11, 1-12) are GRANTED;

6. this case is DISMISSED with prejudice; and

7. costs are TAXED against Plaintiff for which execution may issue.

A separate Final Judgment will be entered

Done this 21st day of August, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE