IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAYTON THOMASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 2:19-cv-256-ECM |
| | )              (WO) |
| OCWEN LOAN SERVICING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) asserting that the judgment previously entered in this case is void. (Doc. 29). Upon consideration of the motion, the Court concludes that it should be denied.

A brief procedural history of this case is critical to the resolution of the Plaintiff's motion. The *pro se* Plaintiff filed a complaint in the Montgomery County Circuit Court on July 31, 2018, challenging the manner in which two mortgages were handled after his wife's death in 2009. Thomason contended that the Defendants illegally attempted to foreclose on the property, and failed to allow him to participate in any mortgage modification programs. Defendant FDIC removed the case to this Court on April 8, 2019 based 28 U.S.C. § 1441(b) and 12 U.S.C. § 1819(b)(2)(A) (all civil actions against the FDIC "shall be deemed to arise under the laws of the United States.").

On July 8, 2019, the Magistrate Judge entered a Recommendation (doc. 14) which recommended that the Defendants' motions to dismiss be granted and that this case

1

dismissed because the Plaintiff's claims were barred by *res judicata*. The Plaintiff did not file any objections to the Recommendation, but instead filed a motion to amend the complaint which the Court denied on August 21, 2019. (Doc. 20). The Court also adopted the Recommendation of the Magistrate Judge, granted the Defendants' motions to dismiss and dismissed this case with prejudice. *See* Docs. 21 & 21.

On August 27, 2019, the Plaintiff filed a notice of appeal (doc. 22) to the Eleventh Circuit Court of Appeals. On December 19, 2019, the Eleventh Circuit denied the Plaintiff's motion to appeal *in forma pauperis* because the Plaintiff "failed to show a non-frivolous issue on appeal." (Doc.26 at 2). On January 14, 2020, the Eleventh Circuit dismissed the Plaintiff's appeal for want of prosecution. (Doc. 28).

The law is well established that "[a] party may not use Rule 60 as a substitute for a timely and proper appeal." *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982) citing *Ackermann v. United States*, 340 U.S. 193 (1950). *See also Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127, 1128 (5th Cir. 1975) ("The well-recognized rule, however, . . . precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal.").[1] Moreover, "the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

> [A] motion under Rule 60(b)(4) is not a substitute for a timely appeal. *Kocher v. Dow Chemical Co.,* 132 F.3d 1225, 1229 (C.A.8 1997); *see* Moore's § 60.44 [1][a], at 60–150. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.

2

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

For whatever reason, the Plaintiff did not pursue his appeal in the Eleventh Circuit. He cannot now use Rule 60(b) to circumvent his failure to properly appeal the initial adverse judgment. The Court will not permit the Plaintiff to use Rule 60(b) to avoid the consequences of his failure to pursue an appeal.

The Plaintiff's assertion that the Court lacked jurisdiction to enter the judgment is insufficient to secure relief under Rule 60(b)4).

> Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. *Nemaizer v. Baker,* 793 F.2d 58, 65 (C.A.2 1986); see, *e.g., Boch Oldsmobile, supra,* at 661–662 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and ... only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)).

*United Student Aid Funds, Inc.*, 559 U.S. at 271.

Jurisdiction in this case was premised on the jurisdictional granted contained in 12 U.S.C. § 1819(b)(2)(A) because the Plaintiff named the FDIC as a Defendant. The underlying state court case was properly removed to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B). Thus, the Court concludes that the Plaintiff has failed to demonstrate that the Court lacked jurisdiction.

The Plaintiff has had ample notice and opportunities to be heard in this matter. He has not demonstrated that he has been denied due process in these proceedings. Thus, the Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b)(4).

The Plaintiff relies on *Markham v. Allen*, 326 U.S. 490 (1946) to support his position that this Court did not have jurisdiction over this matter because it was a probate case. (Doc. 29 at 3-5). His reliance on *Markham*, *supra*, is misplaced. The underlying state case was not in the probate court, and *Markham* does not prohibit the Court from exercising jurisdiction over a properly removed civil action.

> It is true that a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and s 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters. Kerrich v. Bransby, 7 Brown P.C. 437; Barnesley v. Powel, 1 Ves.Sen. 284; Allen v. Macpherson, 1 Phillips 133, 1 H.L.Cas. 191; In re Broderick's Will, supra; Farrell v. O'Brien, 199 U.S. 89, 25 S.Ct. 727, 50 L.Ed. 101; Sutton v. English, 246 U.S. 199, 205, 38 S.Ct. 254, 256, 62 L.Ed. 664. But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heris' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80, and cases cited. See Sutton v. English, supra, 246 U.S. 205, 38 S.Ct. 256, 62 L.Ed. 664; United States v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 347, 80 L.Ed. 331; Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 619, 56 S.Ct. 600, 602, 80 L.Ed. 920; United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840; Princess Lida v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285.

*Id*., at 494.

Nonetheless, because the underlying case was not in probate court, and the Plaintiff named the FDIC as a Defendant, this Court has federal question jurisdiction over this matter.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the Plaintiff's motion for relief pursuant to Fed. R. Civ. P. 60(b)(4) (doc. 29) is DENIED.

Done this 1st day of May, 2020.

    /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE