IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAYTON THOMASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 2:19-cv-256-ECM |
| | )                (WO) |
| OCWEN LOAN SERVICING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On May 1, 2020, the Court denied the Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) in which Thomason argued the judgment entered on August 21, 2019 was void. (Doc. 30). Now pending before the court is the Plaintiff's motion to reconsider his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3) and (4) in which Thomason now asserts that the judgment previously entered in this case was entered without due process, the court was without jurisdiction and the judgment is void. (Doc. 31). Upon consideration of the motion, the Court concludes that it should be denied.

The Court first turns to the Plaintiff's argument that he is entitled to relief pursuant to Fed. R. Civ. P. 60(b)(3).

> Under Rule 60(b)(3), a district court may "relieve a party ... from a final judgment" due to "fraud ..., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To get relief under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d

1

> 1300, 1309 (11th Cir. 2003). "The moving party must also demonstrate that the conduct prevented them from fully presenting his case." *Id.*

*Jenkins v. Anton*, 922 F.3d 1257, 1270 (11th Cir. 2019).

The Plaintiff makes no allegation that the adverse judgment against him was procured by fraud, misrepresentation or other misconduct. Thus, the Court concludes that he is entitled to no relief on this basis.

The Plaintiff also asserts that he is entitled to relief pursuant to Fed. R. Civ. P. 60(b)(4) in that the Court lacked jurisdiction to enter the judgment. The Court addressed this argument in the Plaintiff's motion for relief from judgment. *See* Doc. 30 at 5-6.

> Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. *Nemaizer v. Baker,* 793 F.2d 58, 65 (C.A.2 1986); see, *e.g., Boch Oldsmobile, supra,* at 661–662 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and ... only rare instances of a clear usurpation of power will render a judgment void" (brackets and internal quotation marks omitted)).

*United Student Aid Funds, Inc.*, 559 U.S. at 271.

Jurisdiction in this case was premised on the jurisdictional granted contained in 12 U.S.C. § 1819(b)(2)(A) because the Plaintiff named the FDIC as a Defendant. The underlying state court case was properly removed to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B).

Moreover, to the extent that the Plaintiff contends he was denied due process the Court disagrees. The Plaintiff has had ample notice and opportunities to be heard in this

matter. He has not demonstrated that he has been denied due process in these proceedings. Thus, the Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b)(4).

In his motion to reconsider the denial of his Rule 60(b) motion, the Plaintiff rehashes his claims that have been resolved against him. As the Court noted in its order denying the Plaintiff's motion for relief from judgment, the Plaintiff did not pursue his appeal in the Eleventh Circuit. (Doc. 30). The Court will not permit the Plaintiff to use Rule 60(b) to avoid the consequences of his failure to pursue an appeal. (*Id.*). Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the Plaintiff's motion to reconsider his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3) and (4) (doc. 31) is DENIED.

Done this 9th day of June, 2020.

    /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE